.MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

COLLEGES AND UNIVERSITIES—*when college is not liable for goods sold to person running institution for personal profit.* In an action against a college on a note for groceries sold to the self-styled president, who ran a dining hall in connection with the institution and ran the college under an arrangement with the trustees, who kept' the buildings in repair and charged no rent and allowed defendant the profits made and a certain sum out of the endowment fund, where it appeared that the trustees did not know of the extension of credit to defendant until after payments became delinquent, or of his ordering goods as president of the institution until after suit was brought on the note of such president and there was no proof that such president was allowed to buy anything on the credit of the college, *held* that a verdict for defendant was properly directed.

---

## William Ryan, Appellee, v. L. E. Brown, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon, THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied and opinion modified and refiled July 2, 1917.

## Statement of the Case.

Action by William Ryan, plaintiff, against L. E. Brown, defendant, to·recover the purchase price paid for a colt sold by defendant to plaintiff. From a judgment for plaintiff for $180, defendant appeals.

CURRAN & DEMPSEY, for appellant.

PRETTYMAN, VELDE & PRETTYMAN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 262*—*what constitutes warranty of animal.* The statement in the advertisement of a horse for sale that the horse is "sound" constitutes a warranty and not a mere representation, especially where the seller offers to return the money paid for any horse which is shown by certificate of the examining veterinarian to have any other unsoundness or blemish than that pointed out before the sale.

2. SALES, § 269*—*where horse is not sound.* A horse which is afflicted with distemper at the time of sale is not sound.

---

## Childers & Lillienstein, Appellee, v. Illinois Central Railroad Company, Appellant.

1. CARRIERS, § 248*—*when evidence does not show injury to horse by carrier.* In an action by a shipper of a car of horses to recover for injury of a horse, evidence held insufficient to show that the horse was injured while in the possession of defendant.

2. CARRIERS, § 241*—*when evidence is insufficient to show waiver of notice of injury to stock.* In an action by a shipper of a car of horses to recover for injury of a horse, evidence held insufficient to show that the shipper served the notice required by the shipping contract providing that no claim for loss or damage shall be valid unless made within ten days from the time the stock is removed from the car, or that such notice was waived.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of facts. Opinion filed July 14, 1917.

GRAHAM & GRAHAM, for appellant; JOHN G. DRENNAN, of counsel.

SMITH & FRIEDMEYER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.